(No. 13025.—Reversed and remanded.)

THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The Illinois Central Railroad Company, Appellee, *vs.* HANS THEDENS, Highway Commissioner, Appellant.

*Opinion filed December 17, 1919—Rehearing denied Feb. 5, 1920.*

PUBLIC UTILITIES—*what order by Public Utilities Commission is appealable.* An order by the Public Utilities Commission granting permission to a railroad company to construct, maintain and operate a switch track across a public street is such an "order or decision" as is appealable, within the meaning of section 68 of the Public Utilities act, though there is no command or direction to build the switch track.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

LIVINGSTON & WHITMORE, for appellant.

JOHN G. DRENNAN, (EDWARD J. BRUNDAGE, Attorney General, W. E. TRAUTMAN, ALBERT D. RODENBERG, MATTHEW MILLS, and GEORGE B. & GEORGE M. GILLESPIE, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Sangamon county dismissing an appeal from an order or decision of the Public Utilities Commission. Said commission, in the proceeding in which it entered such order, had granted permission to the Illinois Central Railroad Company to construct a switch track across East street, in the unincorporated town of Anchor, in McLean county, Illinois. The circuit court in dismissing the appeal, it is agreed by both parties, held that the order entered by the Public Utilities Commission was not an appealable one.

The switch track in this application is the same as was involved in *Town of Anchor* v. *Stewart,* 270 Ill. 57. In this last named case an injunction was issued by the cir-

cuit court against Daniel B. Stewart and others prohibiting the building of a switch track across East street, in Anchor. The Illinois Central Railroad Company, applicant in this case, was not a party to the other proceedings, in which the injunction was made permanent as to said switch track. It appears in this proceeding that the railroad company and Stewart have entered into a contract whereby the latter is to construct and pay for the switch track under this application. The Public Utilities Commission held that the railroad company was not bound by the decree and injunction in the former case and that it was a proper party to which permission might be granted for the construction of such switch if the conditions justified; and that conditions did so justify, and it granted the permission to construct the railway switch.

Practically the only question argued here is whether the order entered by the Public Utilities Commission in this case was appealable under the Public Utilities act. Section 58 of the act provides, among other things: "Nor shall the track of any railroad company be constructed across a public road, highway or street at grade * * * without having first secured the permission of the commission." Section 68 of the same act provides, among other things, for an appeal to the circuit court of Sangamon county "within thirty days after the service of any order or decision of the commission made after a final hearing, or within thirty days after a hearing or refusal of a hearing upon any rule, regulation, order or decision * * * for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined." The concluding part of the finding of the Public Utilities Commission in this proceeding reads, in part, as follows: "It is therefore ordered that permission be and the same is hereby granted the Illinois Central Railroad Company to construct, maintain and operate a switch track," etc. Section 45 of the above act contains a provision for permission by the

commission to build switch track connections, provided such connections are "reasonably practicable and can be installed and used without materially increasing the hazard of the operation of the railroad."

The argument of counsel for appellee is, not that the circuit court rightly dismissed the appeal because the order was not a final order or decision, but because it was not such an order or decision as was intended by the Public Utilities act to be appealable. They say in their brief: "Nothing is said about an appeal from a permission or consent of the commission. Such consent or permission is not a 'rule, regulation, order or decision.' It is evident that a mere grant of consent is in no sense a rule or regulation. Neither is it an order, because the word 'order' imports a command or requirement that something be done. That leaves only the word 'decision' as the only possible word that might apply to the action granting permission, and the only line of reasoning by which it could be said that the grant or permission is a decision would be to assume that the word 'decision' has reference to and includes those discretionary operations of the mind of the commission by which it may or may not, at will, grant or withhold a permission. If such unrestrained discretion is vested in the commission, as we contend is the case, then no power or authority exists to review the exercise of such discretion except for fraud, and that cannot be done by way of direct appeal or review of the record made by the commission. But the word 'decision,' as applied to the action of a judicial or *quasi* judicial body which may be reviewed, has no reference to mere administrative consents or permissions granted in the exercise of the regulative power vested in the court or body."

We cannot agree with the reasoning of counsel for appellee as to the proper construction of the Public Utilities act in this regard. The authorities cited by them we do not deem in point on the question here under consideration. The lexicographers, among other definitions of "decision,"

say it is the "act of deciding;" "act of settling or terminating, as a controversy, by giving judgment on the matter at issue." There can be no question that under these definitions the order of the Public Utilities Commission here under consideration was a decision. It is plain from the various decisions in other jurisdictions that the words "rule" and "order" are sometimes used interchangeably, (see 3 Words and Phrases,—2d series,—p. 768, and cases cited,) and that the words "order" and "decision" are frequently used synonymously. (1 id. 1247, and cases cited.) It is also clear from these authorities that the meaning of these words must depend largely upon the wording of the statutes that are being construed. Under the provisions of the Public Utilities act we think the order of the Public Utilities Commission was an order or decision that the legislature intended should be appealable. The circuit court, therefore, erred in dismissing the appeal on the ground that the order of the Public Utilities Commission was not appealable.

Other questions are touched upon incidentally in the briefs, such as whether the decision of this court in *Town of Anchor* v. *Stewart, supra,* was not binding and conclusive upon the parties under the reasoning of this court in *People* v. *Peoria and Pekin Union Railway Co.* 273 Ill. 440, and also whether or not the Public Utilities Commission, if it did have such jurisdiction, exercised it in a lawful and reasonable manner. We agree with counsel for appellee that the proper practice requires, as this case was dismissed by the circuit court because the order from the Public Utilities Commission was not appealable and the court did not pass on these other questions, that the cause should be reversed and remanded to the circuit court for consideration of the questions not passed on by that court.

*Reversed and remanded.*